UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ZULEIKA BURKE,<br>      Plaintiff,<br><br>vs.<br><br>CHECKCARE; and DOES 1 through 10, inclusive,<br>      Defendants. | Civil Action No.:<br><br>Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### *I. INTRODUCTION*

1. This is an action for actual and statutory damages brought by plaintiff ZULEIKA BURKE (hereinafter "Plaintiff"), an individual consumer, against defendant CHECKCARE (hereinafter "Defendant") for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### *II. JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where

1

Plaintiff resides in this district), and/or where Defendant transacts business in this district.

### III. PARTIES

4. Plaintiff, Zuleika Burke is a consumer as defined under 15 U.S.C. § 1693a(5) and 15 U.S.C. § 1692 et seq., a natural person allegedly obligated to pay any debt, residing in Jefferson County, in the state of Louisiana.

5. Defendant, CheckCare is a corporation engaged in the business of collecting debt in this state with its principal place of business located in the state of Kentucky, and a financial institution as defined by 15 U.S.C. § 1693a(8). The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. Defendants Does 1through10 whose identities are not known at this time, but whose identities will be obtained in discovery. Such Does may include persons or business entities. It is believed that said Does had a substantial involvement in the occurrences that are the subject of this complaint. Such Does benefited from the acts complained of and had a substantial role in causing the acts complained of.

### IV. FACTUAL ALLEGATIONS

8. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property,

insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

9. Upon information and belief, within one year prior to the filing of this complaint, Defendant placed collection calls trying to contact Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

10. Upon information and belief, Defendant began trying to contact Plaintiff prior to July 20, 2012.

11. Upon information and belief, Defendant, within one year prior to the filing of this complaint, took unauthorized amount(s) out of Plaintiff's bank account without her express written consent, and with said amount(s) and action not having been authorized by the agreement that created the alleged debt.

12. As a result of the acts alleged above, Plaintiff suffered actual damages, in addition to emotional distress resulting in her feeling stressed.

## V.  FIRST CLAIM FOR RELIEF

13. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

14. Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

Case 2:12-cv-02928-CJB-ALC   Document 1   Filed 12/11/12   Page 4 of 7

15. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Zuleika Burke for actual damages, statutory damages, and costs and attorney fees.

### *VI. SECOND CLAIM FOR RELIEF*

16. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Congress enacted the EFTA to protect individual consumer rights by "providing a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b).  In order to be covered by the EFTA, electronic fund transfers must (1) involve a transfer of funds, (2) that is initiated by electronic means, and (3) debits or credits a consumer account. Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1328 (7th Cir. 1997).

18. The foregoing acts and omissions of Defendant and its agents constitute violations of the EFTA including, but not limited to, each and every one of the provisions of the EFTA, 15 U.S.C. § 1693 et seq., cited above, and below, with respect to the Plaintiff:

    a. Defendants violated *§1693h(a)(1)* of the EFTA by failing to make an electronic fund transfer, in accordance with the terms and conditions of an account[.]

19. As a result of the foregoing violations of the EFTA, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1693m, statutory damages in

4

an amount up to $1,000.00 pursuant to 15 U.S.C. § 1693m, and reasonable costs and attorney fees pursuant to 15 U.S.C. § 16923m, from Defendant.

### VII.   THIRD CLAIM FOR RELIEF

20. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Congress explicitly recognized the importance of protecting consumer' rights in the participation of electronic fund and remittance transfer systems in passing the Electronic Funds Transfer Act, when it stated as part of its findings:

    <u>It is the purpose of this subchapter to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems</u>. The primary objective of this subchapter, however, is the provision of individual consumer rights.

    15 U.S.C. § 1693(b) (emphasis added).

22. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

    It is the policy of the Congress that <u>each financial institution has an affirmative and continuing obligation to respect the privacy of its customers</u> and to protect the <u>security</u> and confidentiality of those customers' nonpublic personal information.

    15 U.S.C. § 6801(a) (emphasis added).

23. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by unlawfully collecting funds in an unauthorized manner from

the Plaintiff's bank account, without prior written express consent, and without Defendant having been given any reason to believe that it would be acceptable; thereby invading the Plaintiff's privacy.

24. Defendant and its agents intentionally and/or negligently caused emotional harm to the Plaintiff by engaging in highly offensive conduct in the course of collecting unauthorized funds, thereby invading and intruding upon the Plaintiff's right to privacy.

25. The Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, private concerns and affairs.

26. The conduct of these Defendants and its agents, in engaging in the above-described illegal collection conduct against the Plaintiff, resulted in intrusions and invasions of privacy by these Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

27. Defendant's acts as described above were done intentionally and/or negligently with the purpose of getting payments on the Plaintiff's alleged debt.

28. As a result of such intrusions and invasions of privacy, Defendant is liable to the Plaintiff for actual damages in an amount to be determined at trial from Defendant.

///

///

**WHEREFORE**, Plaintiff Zuleika Burke respectfully requests that judgment be entered against defendant CheckCare for the following:

- A.  Actual damages.
- B.  Statutory damages.
- C.  Costs and reasonable attorney fees.
- D.  For such other and further relief as the Court may deem just and proper.

## VIII.   DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE that plaintiff, ZULEIKA BURKE, demands trial by jury in this action.

DATED this 11th day of December, 2012.

    RESPECTFULLY SUBMITTED,
**LAW OFFICE OF NICHOLAS M. GRAPHIA, LLC**

/s/ Nicholas M. Graphia
Nicholas M. Graphia (SBN 33159)
Law Office of Nicholas M. Graphia, LLC
767 Florence Street
Baton Rouge, LA 70806
(225) 955-4266
(888) 909-6892 Fax
nicholas.graphia.law@gmail.com

Co-counsel with **PRICE LAW GROUP, APC**
G. Thomas Martin, III
15760 Ventura Blvd. Suite 1100
Encino, CA 91436
Not admitted before this Court
tom@plglawfirm.com
ATTORNEYS FOR PLAINTIFF

7